IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03394-KLM

DIANE BORGES,

    Plaintiff,

v.

THOMAS F. FARRELL, P.C., doing business as Farrell & Seldin,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Dismiss Counterclaim** [Docket No. 7; Filed March 5, 2012] (the "Motion"). On March 8, 2012, Defendant filed a Response [#8] in opposition to the Motion. On March 22, 2012, Plaintiff filed a Reply. Having reviewed the entire case file and being sufficiently advised, the Court **GRANTS** the Motion [#7].

Plaintiff initiated this action against Defendant on December 28, 2011, asserting a violation of Section 1692e(13) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* See [#1]. On February 17, 2012, Defendant filed his Answer and Counterclaim, in which he seeks sanctions pursuant to 15 U.S.C. § 1692k(a)(3). See [#5]. In the Motion, Plaintiff seeks dismissal of Defendant's sole counterclaim pursuant to Fed. R. Civ. P. 12(b)(6).[1]

---

[1] The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340

The FDCPA prescribes that a successful party is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  The FDCPA further authorizes the Court to award attorney's fees to a defendant if the plaintiff's suit is "brought in bad faith and for the purpose of harassment." *Id.*

Courts within the Tenth Circuit have not addressed whether 15 U.S.C. § 1692k(a)(3) creates a cause of action or simply permits the Court to award relief to a defendant subjected to bad-faith or harassing litigation.  However, the majority of courts to consider the issue have dismissed counterclaims made pursuant to 15 U.S.C. § 1692k(a)(3) as premature or as lacking a statutory basis.  *See Brock v. Maryville Collection Serv., Inc.*, No. 2:11-CV-60, 2012 WL 2120705, at *2 (E.D. Tenn. May 10, 2012) (collecting cases).  The Court agrees that the purpose of 15 U.S.C. § 1692k(a)(3) is to provide relief to a defendant who has been subjected to bad-faith litigation, rather than to provide the defendant with a separate cause of action.  *See id.* (citing *Hardin v. Folger*, 704 F. Supp. 355, 356-57 (W.D.N.Y. 1988) (dismissing the defendant's counterclaim because 15 U.S.C. § 1692k(a)(3) "provides relief, but not a claim, to defendants" and noting that the decision to grant attorney's fees is discretionary following a determination by the court that the FDCPA action was brought in bad faith)).  This result is consistent with the dictates of Fed. R. Civ.

---

(10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations."  *Shero v. City of Grove, Okla.*, 510 F .3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ][has] not nudged [his] claims across the line from conceivable to plausible."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotations and citations omitted).


P. 54(d)(2)(A), which states that claims for attorney's fees should be made by motion "unless the substantive law requires those fees to be proved at trial as an element of damages." *See Brock*, 2012 WL 2120705, at *2. Accordingly,

IT IS **ORDERED** that the Motion [#7] is **GRANTED** and that Defendant's counterclaim pursuant to 15 U.S.C. § 1692k(a)(3) is **DISMISSED with prejudice**.[2]

Dated: August 14, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[2] Nothing in this Order should be construed as preventing Defendant from filing a motion for attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) at the appropriate time, if Defendant so chooses.