IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03394-KLM

DIANE BORGES,

    Plaintiff,

v.

THOMAS F. FARRELL, P.C., doing business as Farrell & Seldin,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Unopposed Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)** [Docket No. 28; Filed October 31, 2012] (the "Motion to Dismiss") and the **Motion to Substitute Bankruptcy Trustee as Plaintiff** [#29; Filed November 6, 2012] (the "Motion to Substitute") filed by Lynn Martinez, as Trustee of Plaintiff's Bankruptcy Estate, through counsel (the "Trustee"). On November 16, 2012, the Trustee filed a Response to Motion to Dismiss [#32]. Neither Plaintiff nor Defendant filed a reply in support of the Motion to Dismiss, nor did either party file a response to the Motion to Substitute.

Plaintiff initiated this action against Defendant on December 28, 2011, asserting a violation of Section 1692e(13) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* [#1]. On February 17, 2012, Defendant filed his Answer and Counterclaim. [#5]. The counterclaim was subsequently dismissed. [#23]. Plaintiff then

filed a bankruptcy petition on August 28, 2012. [#28] at 2.

In the Motion to Dismiss, Defendant acknowledges that as a result of Plaintiff's bankruptcy filing, the Trustee was appointed in the bankruptcy proceedings to oversee the bankruptcy estate and, "became the real party in interest with regard to Plaintiff's claims asserted herein." [#28] at 2. At the time Defendant filed the Motion to Dismiss, the Trustee had not yet moved to substitute for Plaintiff in this action. Accordingly, Defendant asked that the case be dismissed if after a reasonable time the Trustee failed to request substitution. [#28] at 4.

The Trustee then filed the Motion to Substitute one week after the Motion to Dismiss was filed. The Trustee seeks substitution pursuant to Fed. R. Civ. P. 17(a)(3). The Trustee asserts in the Motion to Substitute that both Plaintiff and Defendant agree that, as a result of the bankruptcy filing, Plaintiff is no longer the real party in interest in this case. [#29] at 2. Having failed to file a response to the Motion to Substitute, Plaintiff and Defendant apparently do not oppose the request.

Fed. R. Civ. P. 17(a)(3) provides:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Here, the Court finds that pursuant to Rule 17(a)(3), substitution of the Trustee in this action is appropriate. There is no dispute that in light of Plaintiff's bankruptcy petition, the Trustee is now the real party in interest for purposes of prosecuting this action. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Dismiss [#28] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion to Substitute [#29] is **GRANTED** and that the Trustee, Lynn Martinez, is **SUBSTITUTED** as the real party in interest for Plaintiff Diane Borges.  The Clerk of Court shall amend the case caption accordingly.

Dated:  December 17, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge